Lipscomb, J.
It appeal's that in this case the following order of the court below was entered! “ District Court, March 28, 1844. At this day comes the defendant, by attorney, and moves the court for a rule to be made against the plaintiff for security for costs, ordered that unless the plaintiff give security for all costs of this suit, within the time prescribed by law, the same will be dismissed and execution issued.” At the next term of the court the plaintiff’s attorney made-the following motion, supported by his affidavit of the truth of the;facts set forth.
“ O. M. Huberts, attorney for the plaintiff moves to set aside the-order for security for cost, and the conditional dismissal of the said, cause, entered on the minutes of the last term of this court at the-im stance of defendant’s counsel, for the following reasons, viz.: There-was no motion for security for, costs in the said case filed and made-at the said term, or at any other time previous, and the same was not. regularly entered on the motion docket.
“2d. Neither the plaintiff nor his attorney had any notice of said; motion (if there was such motion) or of even any verbal application to the court for security for costs in said cause.
*(370) “ 3d. There has not issued from said court any notice to said plaintiff or his attorney, requiring security for costs to be given, or showing to said plaintiff or his attorney that security for costs had been required by said court in said cause.
“4th. Plaintiff’s attorney alleges, that at the last term of the court, the plaintiff was absent and is absent at this term, and that plaintiff’s attorney knew nothing of the existence of said order for security for costs, until the first day of the present term of the court. That at the last term of the court, he was ready for trial and suffered said cause to be continued upon the verbal statement of the attorney for defendant, on the ground of the defendant’s sickness. That considering the cause and the parties, he has been taken by surprise most egregiously, and that the plaintiff must suffer great loss by the dismissal of the said action, inasmuch as his claim will be barred upon the bringing of a second suit. O. M. Roberts, plaintiff’s attorney, further states he has conversed witli plaintiff’s witness, and that said plaintiff has just cause of action against said defendant, according to the best of his information and belief.
“5th. Said order was made after said cause was continued, and the business of the court was generally finished just before the signing of the court.” In addition to the verification by the oath of the attorney, the above facts set forth in his motion are substantially admitted by the statement of facts agreed upon by the parties; and further that the cause was still on-the docket.
The court overruled the motion and dismissed the cause, from which the plaintiff appealed. The law on- which the order for security for costs was awarded is to be found in the 17th section of the act of congress establishing the district courts, volume 1, page 203, and is in the following words: “When any original process shall issue out of any court in this republic’, the plaintiff at the return of such process, or at any time thereafter before final judgment, shall upon the ¡motion of any person interested, be ruled to give stuffieient security for all costs accruing in such suit or action/ and if such plaintiff • shall fail to give such security, being thereto required within sixty days, the suit shall be discharged and execution may issue against the plaintiff for all such costs.” In the absense of any express rule of court, it would seem that a notice of the rule should in some form, be brought home to the party to be affected by it; particularly when such rule had been entered after the cause had been continued, and that continuance at the instance of the party obtaining the rule. The plaintiff is not supposed to be in court as to that case after its continuance, and it would be productive of surprise and injury were such *(371) constructive notice to be extended to him, from the fact of its being entered on the minutes of the court. But from the language of the act of congress we have cited, actual notice must ie given. It would not be a fair construction of the law to suppose it tolerated ruling a party to be in default, in not doing what he had been required to do before he had notice of such requisition. Such a construction would open a door for a practice that never could receive judicial sanction, of procuring the continuance of a cause, and then waiting until about the adjournment of the court and having a rule for cost entered in the absence of the plaintiff, and of which he had no notice, and perhaps would not until the sixty days had elapsed. *As a general rule, it is believed sound, that where there is a rule to pay cost, to attach the consequences of a failure to perform, there must be notice. It is not like filing a plea in the process of a trial where the party is bound if it is filed to notice it. The court, in the exercise of its discretion, may reinstate a case after it has been stricken from the docket, and in the exercise of that discretion this court would not control it, unless a strong case was shown of the improper exercise of that discretion. The case before us is as strong in presenting the claims of the plaintiff as could well be conceived. Under such strong circumstances, if the suit had been dismissed, the court might have reinstated on the security being given, and continued the cause if it was necessary to do so for the defendant to be prepared for trial.
The judgment is reversed and the cause remanded to the court below