JOHN F. EWING vs. W. E. KINNARD — Appeal from Washington County.

No appeal lies from an interlocutory decree or judgment. [*Ante*, 160.]
A decree, dissolving an injunction, and leaving the bill to stand over as an original bill, is interlocutory, and can only be revised by writ of error.

The facts of this case are substantially stated in the opinion of the court.

*Fischer* and *Webb*, for appellant.
*Allen* and *McFarland*, for appellee.

Mr. Justice LIPSCOMB delivered the opinion of the court.

The appellant filed a petition setting forth that certain property levied on by the sheriff of Washington county by virtue of an execution in favor of the appellee against Nathaniel Norwood was not the property of the defendant in the execution, but belonged to Mrs. Norwood, the wife of the said Nathaniel Norwood, held for her use by one Lockhart, who, since his acceptance of the trust, had died. The bill makes an exhibit of the title, prays that an injunction may [164] issue, enjoining the said appellee from selling the property levied on. An injunction was granted, which was dissolved at the next succeeding term of the court on motion of the appellee's counsel, and the court ordered the bill to stand as an original bill. From the decree of the court dissolving the injunction, the appellant appealed to this court.

This being an appeal from an interlocutory decree, a preliminary inquiry is presented as to the jurisdiction of this court to revise the decree. The jurisdiction of this court is given by the constitution of the state, but the manner in which it is to be exercised in some cases is expressly left to be regulated by the legislature. The constitution provides that the supreme court shall have appellate jurisdiction only, which shall be co-extensive with the limits of the state; but, in criminal cases and in appeals from interlocutory judgments, " with such exceptions and under such regulations as the legislature may make." The supreme court having appellate jurisdiction only could not have taken cognizance of an interlocutory judgment

but for the concluding part of the quotation from the constitu-
tion, because on principle, so long as a cause is retained in the
court below before its final action, it is presumed to be within
its control; and nothing definitive has been done to appeal from.
This grant of power to take jurisdiction of criminal cases and
appeals from interlocutory judgments is not given uncondi-
tionally, but it has to be executed under the action of the
legislature, and if there had been no such action, it seems clear
that it could not be exercised. In the constitution of the
United States, the appellate jurisdiction of the supreme court
is granted in some cases in language of the same import as is
found in our constitution; in the former, after defining what
original jurisdiction should be exercised, it proceeds to declare
that in all other cases it should be appellate only, " with such
exceptions and under such regulations as the congress shall
make."

This last clause in the constitution claimed a construction
[165] of the supreme court in the case of Wiscat v. Dauchy,
3 Dall. 321. It was a suit in chancery, and the question was,
whether the court would receive the statement of facts sent up
from the circuit alone, as conclusive, without looking into the
evidence. The 19th section of the act to establish the courts
of the United States provides that it shall be the duty of the
circuit courts in cases of equity and of admiralty and maritime
jurisdiction, to cause the facts on which they found their sen-
tence or decree fully to appear upon the record, either from
the pleadings or decree itself, or a statement of the case agreed
by the parties or their counsel, " or if they disagree, a stating
of the case by the court." The court decided that the state-
ment of the case sent up was conclusive. The opinion of the
court, it will be seen by looking into the case, as reported, was
founded mainly on the ground that congress, exercising the
power remitted to it by the constitution, of establishing the
mode in which this appellate jurisdiction should be exercised,
that is to say, " with such exceptions and under such regula-
tions " as it might make, had directed that it should be by a writ
of error. If the case could have been considered as an appeal,
it would have opened the whole proceedings of the court *a*

*quo* evidence and all for revision, but as a writ of error it was limited to an examination of the statement of the facts directed by the act of congress. It was for congress to define the mode in which the appellate jurisdiction should be exercised, and Chief Justice Ellsworth says, here then is the ground, and the only ground, on which we can sustain an appeal. If congress has provided no rule to regulate our proceedings, we cannot exercise an appellate jurisdiction; and if the rule is provided, we cannot depart from it. The question, therefore, on the constitutional point of an appellate jurisdiction, is simply, whether congress has established any rule for regulating its exercise. And further he says: "It is observed that a writ of error is a process more limited in its effects than an appeal; but whatever may be the operation, if an [166] appellate jurisdiction can only be exercised by the court conformably to such regulations as are made by the congress, and if congress has prescribed a writ of error, and no other mode by which it can be exercised, still I say we are bound to pursue that mode, and can neither make nor adopt another." The case we have just noticed is so decisive of the one before us that it would be an act of supererogation to refer to any other authority, or to resort to any reasoning on the subject. It will be seen that the legislature of this state has made a regulation on the mode in which the appellate jurisdiction of this court shall be exercised, and that is, by a writ of error. And in the language of Chief Justice Ellsworth, "we are bound to pursue that mode, and can neither make nor adopt another." The consequence is, the appeal must be dismissed.