## C. HOLSHAUSEN v. S. P. HOLLINGSWORTH.

1—When a plaintiff has once complied with a rule to give security for costs, he cannot be ruled to give further security, unless it be affirmatively shown to the court that the security already given is insufficient, or is otherwise objectionable. Hence, it was error to dismiss the plaintiff's suit because of his non-compliance with a second rule, which was entered against him without such showing.

2—A plaintiff is entitled to actual notice of a rule against him to give security for costs. He is not bound to take notice of the rule in like manner as of a pleading filed in the progress of the suit.

3—The ruling in Houston v. Sublett (1 Texas, 523,) to the same effect, cited and approved.

ERROR from Rusk. Tried below before the Hon. J. B. Williamson.

When this suit was originally instituted, in 1851, Thomas C. Loyd and wife were made defendants. Hollingsworth intervened at a subsequent period. The opinion discloses all other facts necessary to be noticed.

S. P. Donley, for plaintiff in error, cited Herndon v. Rice, 21 Texas, 456; Houston v. Sublett, 1 Texas, 523; Pasch. Dig., 1502.

No brief for defendants in error.

MORRILL, C. J.—This suit was instituted on the 30th October, 1851; on the 13th November, 1851, plaintiff was ruled to give

security for costs, and on the 10th May, 1852, complied with the rule.

From that time to 16th April, 1867, there were sundry trials in the district and this court, and on that day the defendants filed in the District Court the following motion, viz: "Claiborne Holshausen v. Thomas C. Loyd *et al.*"

"The defendant moves the court for a rule upon the plaintiff to give security for costs."

At the Spring term, 1867, there was an entry upon the minutes of the District Court as follows: "Claiborne Holshausen v. S. P. Hollingsworth *et al.*"

"Upon motion of the defendant, S. P. Hollingsworth *et al.*, it is considered by the court that the plaintiff be ruled to give security for costs, and the rule not being complied with, it is further ordered by the court that the cause be continued under the rule."

At the Spring term, 1868, there was entered upon the minutes of the court the following: "C. Holshausen v. S. P. Hollingsworth *et al.*"

"This cause being called for trial, and it appearing to the court that a motion for security for costs had been filed at a former term of this court, and order for security for costs had been granted, and that said rule or order had not been complied with; it is therefore ordered by the court that said cause be dismissed for want of security for costs, etc., etc."

The proceedings are before us on a writ of error, and the errors assigned are that the court erred in dismissing the cause.

The statute upon which the proceedings of the District Court were based is contained in Art. 1500: "The plaintiff in any civil suit, at any time before final judgment, upon motion of the defendant, or any officer of the court interested in the costs accruing therein, may be ruled to give security for costs, and if such rule be entered against the plaintiff, and he fail to comply therewith, on or before the first day of the next term of the court, the suit shall be dismissed."

It is presumed that it did not come to the knowledge of the

court that security had once been given, and it does not seem anywhere that this security was either insufficient or otherwise objectionable, and unless this was made to appear affirmatively to the court, it would have no power to require that other security should be given.   But there is another error equally apparent.   It nowhere appears that the plaintiff had notice of the motion or order, nor does the judgment of the court show that the plaintiff had such notice.

The reason why constructive notice is treated as actual notice in every case is to promote the ends of justice and to circumvent fraud.   As was said by the court in Houston v. Sublett, in a case involving the question now before us, "*actual notice must be given.*   It would not be a fair construction of the law to suppose it tolerated ruling a party to be in default in not doing what he had been required to do before he have notice of such requisition.   As a general rule, it is believed to be sound that where there is a rule to pay cost to attach the consequences of failure to perform, there must be notice.   It is not like filing a plea in the process of a trial, where the party is bound, if it is filed, to notice it."

We deem it useless to add anything to what is so directly applicable to the case before the court, and decisive of the points raised.

It is therefore ordered that the judgment of the District Court, dismissing the cause, be reversed, and the cause reinstated.

Ordered accordingly.