W. B. COOK v. J. W. ROSS ET AL.

1. RULE FOR COSTS.—The letter of the statute (Paschal's Dig., 1500,) authorizes the dismissal of the case when a rule has been regularly entered requiring the plaintiff to give security for costs, if the security is not given on or before the first day of the next term after the rule. By a liberal construction of the statute, it is held that the rule may be complied with after the first day, if done before the case is dismissed.

2. SAME.—It is not error, for which, on appeal, a reversal will be had, to refuse to postpone a case when reached, in which a rule for costs has been entered, for the purpose of enabling the plaintiff to comply with the rule, or to overrule a motion to reinstate such case after the order of dismissal.

3. SAME.—If plaintiff and his leading counsel were both sick and unable to attend to business when the case was called, that fact, if presented at the time, might be a reason for postponing the case, and allowing further time for complying with the rule.

APPEAL from Panola. Tried below before the Hon. A. J. Booty.

*Drury Field,* for appellant, cited Cook v. Beasley, 1 Tex., 591; Union Bank of Mississippi v. Hudgeons, 3 Tex., 9; Holshousen v. Hollinsworth, 32 Tex., 86.

*H. McKay,* for appellees.

MOORE, ASSOCIATE JUSTICE.—If appellant has a meritori-

ous cause of action, this judgment may no doubt work him an irreparable injury. But the rules and principles of law cannot be varied to meet the supposed equities of every particular case, nor the plain and positive requirements of the statute regulating its procedure be annulled or set aside by the court to relieve parties from the consequences of their carelessness and neglect. Experience in the administration of justice between litigants, from "the time whereof the memory of man runneth not to the contrary," demonstrates that cases will be more certainly decided in accordance with their real merits, and in conformity with the true principles of law and equity applicable to them, by an observance of the rules derived from the common law, and prescribed by the statutes, than for the court to determine them according merely to its opinion of their real merits or its view of morality and justice.

The petition in this case was filed on the 16th of October, 1875. On the 11th of February, 1876, the court being then in session, on motion of J. W. Ross, one of the defendants, the plaintiff was ruled to give security for costs, and, as is shown by the minutes of the court, the case was continued until the next term, under this rule. On the call of the case at the following term, on the 7th of August, 1876, the defendants moved its dismissal for the failure of the plaintiff to comply with the rule, whereupon the plaintiff asked for time to give the security. The court, however, refused to postpone the trial of the cause for this purpose, but stated to counsel that the security might be then given. And on his request, the court allowed the attorney for plaintiff to go upon the bond. The clerk, however, declined to accept a bond without other security than said attorney; and no bond being given, or other reason for a postponement or continuance of the case suggested, the court sustained defendant's motion, and dismissed the case.

The letter of the statute authorizes the dismissal of the case, when a rule has been regularly entered requiring the plain-

tiff to give security for costs, if the security is not given on or before the first day of the next term after the rule. (Paschal's Dig., art. 1500.) By a liberal construction of the statute, it is held that the rule may be complied with after the first day of the term, if it is done before the case is dismissed. (Rhodes *v.* Phillips, 2 Tex., 164.) But there is certainly no warrant to say that the court should continue the case, when reached on the call of the docket, upon the assurance of counsel that, if additional time is given, the rule will be complied with, which, it seems from the statement of facts, was the only objection urged by plaintiff at that time to the action of the court on the motion to dismiss. And it can with as little propriety be said that the refusal of the court to set aside its judgment dismissing the case for failure to comply with its rule on tender of a sufficient cost-bond, is error, for which the judgment should be reversed.

In the amended motion to set aside the judgment and reinstate the cause, it is said the reason the security for costs was not given when the case was called for trial, was, that both plaintiff and his leading counsel were sick and unable to attend to business when the case was called and when it was dismissed. If counsel who were representing plaintiff had requested the court to postpone its action on defendant's motion for this reason, and the court had refused the application, plaintiff might possibly have had cause to complain; but no objection of this kind was made to the court's acting on the motion. This reason for plaintiff's failure to comply with the rule was suggested to the court for the first time in the amended motion to set aside the judgment dismissing the cause, and is based merely upon the information and belief of the attorney making it; and the statement of facts shows that no effort whatever was made on the hearing of the motion to establish the truth of this averment.

The judgment is affirmed.

AFFIRMED.