J. B. POSEY ET AL. V. JOHN W. AIKEN.

Delivered October 23, 1897.

**Cost Bond—Time for Giving—Dismissal of Action.**

An action should not be dismissed for the failure of plaintiff to give a new cost bond on the insolvency of the original surety, where a new bond which is sufficient is tendered after the motion is made to dismiss, but before it has been acted upon.

APPEAL from Callahan. Tried below before F. W. JAMES, Esq., Special Judge.

*B. R. Webb* and *F. S. Bell*, for appellants.—When cost bond is given at any time before actual dismissal of the case, it is in time, and should be taken. Railway v. Richmond, 73 Texas, 568; Cook v. Ross, 46 Texas, 263; Haynes v. Craig, 2 Texas, 501.

*Otis Bowyer,* for appellee.—Where a court has entered a judgment requiring a new cost bond to be given, and the same is not made, filed, and approved before the cause is called for trial on a motion to dismiss, at the next succeeding term of said court, it is no abuse of the discretion of the court to refuse to receive a new bond, where no good reason is shown for such failure to file such bond in time.

HUNTER, ASSOCIATE JUSTICE.—At the October term of the District Court, 1896, an order was made requiring appellants (then paintiffs below) to give a new cost bond, the surety on the one then on file having been found by the court to be insolvent. The case was continued under this order until the next (April) term of court.

On the second day of the following term of the court, appellee (defendant below) made a motion to dismiss the cause because of the non-compliance with the rule on the part of appellant, by failing to file a new bond, on or before the first day of the term. In answer to this motion, counsel for appellant insisted that, having added a solvent surety to the old cost bond, they had complied with the rule, and asked and obtained a half hour in which to get authorities from his office to sustain his position. He returned into court, not with authorities, but with a written answer to the motion to dismiss, tendering a new cost bond which had been approved by the clerk, and also stating that in addition he had delivered to the clerk his individual bank check for $150, which the clerk had accepted as money to cover costs in the case. At that time the costs amounted to $60.

The appellee continued to insist upon his motion to dismiss, and the court sustained the motion, and rendered final judgment dismissing the cause. Appellant excepted, and the court filed conclusions of fact and of law; and a statement of facts is also contained in the record.

The conclusions of fact found by the court are substantially correct, and show the facts to be as above stated; but we think the action of the

learned judge in dismissing the cause can not be sustained. The tender of a good bond at any time before the cause is actually dismissed is sufficient compliance with the rule and with the statute. Railway v. Richmond, 73 Texas, 572; Cook v. Ross, 46 Texas, 263; Rhodes v. Phillips, 2 Texas, 163; Hays v. Cage, 2 Texas, 504; Cook v. Beasley, 1 Texas, 591.

We therefore order that the judgment dismissing this cause be reversed and the cause remanded.

*Reversed and remanded.*