ELLA FRAZER v. JOHN L. MOORE ET AL.

Decided March 15, 1902.

**1.—Costs—Motion for Rule Requiring Security—Dismissal.**

At the term next after the filing of plaintiff's petition the clerk of the court filed a motion for rule requiring security for costs, and the motion was granted and rule entered requiring plaintiff to give such security on or before the first day of the next term, which, because of failure to get service in time, was the appearance term of the case. Held, that the motion was not premature, and the case was properly dismissed on the first day of the next term for failure to comply with the rule, since the statute provides that the clerk may require such security before issuing process, or at any time before final judgment. Rev. Stats., arts. 1439, 1440.

**2.—Same—Notice of Motion—Pending Suit.**

Since the action was "pending" at the time the motion was made, its filing during the term and entry on the motion docket constituted, under the terms of the statute, sufficient notice thereof to plaintiff. Rev. Stats., art. 1458.

**3.—Same—Actual Notice of Motion.**

Where plaintiff's attorney was in court and heard the motion presented and the court's order thereon, plaintiff had actual notice of the motion.

**4.—Same—Motion to Reinstate—Excuse—Merits.**

A motion to reinstate a case dismissed because of plaintiff's failure to comply with a rule requiring security for costs is properly refused where no excuse for such failure is shown, nor any evidence offered to show that plaintiff has a meritorious cause of action.

Appeal from Reeves. Tried below before Hon. A. M. Walthall.

*Patterson & Wallace;* for appellant.

*Cowan & Burney,* for appellee.

CONNER, Chief Justice.—This is an appeal from a judgment of the District Court of Reeves County, Texas, dismissing an original suit for slander, filed by the appellant against John L. Moore and wife on the 18th day of February, 1901, because of a failure on appellant's part to comply with a rule to give security for costs as provided by the statute.

The undisputed facts show that on the 4th day of March, 1901, the clerk of the District Court of Reeves County, Texas, filed a motion in due form under the statute that the plaintiff Ella Frazer be required to give security for costs. This motion was duly heard on March 5, 1901, and formal order therefor duly entered upon the minutes of the court the same day. The appellee Ellen Moore had been served with citation on February 19, and had filed her answer on March 4th. The appellee John L. More was served with citation on February 25th, too late to require answer of him at the March term of the court, which began March 4, 1901. No formal notice of the said motion was served upon appellant. It was duly filed, however, and entered upon the motion docket of the said court, and appellant's attorney was present in court and heard the motion presented and the judgment of the court granting it. The cause appears to have been continued. The order not having been complied with on or before September 2, 1901, the first day of the succeeding term, the court entered the order from which this appeal has been prosecuted, as stated, in the following words: "It appearing to the court in the above styled and numbered cause that at the March, A. D. 1901, term of this court, to wit, on the 5th day of said month, a motion was presented by the clerk of this court to require the plaintiff to execute and file a good and sufficient cost bond herein, and it further appearing that said motion was duly entered on the motion docket of this court, and that said motion was heard and in all things granted by the court, and an order was duly made and entered on the minutes of this court at said March term requiring the plaintiff to file said cost bond on or before the first day of the present term of this court, and it further appearing that said plaintiff has wholly failed to comply with said order to file said cost bond or otherwise comply with said order; it is therefore considered, adjudged, and decreed by the court that for the reasons above stated this cause be and the same is dismissed, and that defendants go hence without day; and that they have and recover of and from the plaintiff herein all costs in this behalf expended, for which let execution issue."

On the following day, September 4th, appellant by her attorneys moved to set aside said judgment of dismissal, and tendered the clerk $100 in cash, and also a bond in due form executed by herself and two sureties; but both the cash and the bond were refused, the clerk declin-

ing to pass upon the solvency of the sureties of the bond or otherwise take action. The court overruled the motion to reinstate, whereupon the appellant duly excepted and gave notice of appeal.

It is first insisted that the motion for costs was prematurely made, because the case was an appearance case at the September term of the court, and that herefore appellant was not bound by the order; but our statutes seem to provide a sufficient answer to this contention,—"the clerk may require from the plaintiff in a suit security for costs before issuing any process." Rev. Stats., art. 1439. Article 1440 provides: "The plaintiff in any civil suit may, at any time before final judgment, upon motion of the defendant or any officer of the court interested in the costs accruing in such suit, be ruled to give security for the costs; and if such rule be entered against the plaintiff and he fail to comply therewith on or before the first day of the next term of the court, the suit shall be dismissed."

It is next insisted, in effect, that the order of dismissal is to be disregarded because notice of the motion was not given, and the cases of Houston v. Sublitt, 1 Texas, 523, and Holshausen v. Hollingsworth, 32 Texas, 86, are cited as sustaining this proposition. We think this also must be overruled. The statute now in force expressly provides that "notice of motions in a suit pending is given by the filing of the motion and entry thereof in the motion docket during the term. Rev. Stats., art. 1458. At the time the motion herein was filed the suit was certainly pending. The filing of the petition would be such pendency of the suit as to interrupt the statute of limitations, and at least one of the defendants herein had filed an answer at the time the motion was filed. So that it can not be said that this article of the statute quoted does not apply. Indeed, as we have seen from an article of the statute hereinbefore quoted, the plaintiff at any time after the filing of the petition may be required to give security for costs. The language of article 1439 is: "The clerk may require from the plaintiff in a suit security for costs before issuing any process, but he shall file the petition and enter the same properly on the docket." In addition to the effect that we think must now be given article 1458, it appears that appellant had notice of said motion. The clerk, whose testimony on the subject was not contradicted, testified: "Plaintiff's attorney was in court and heard said motion presented and the court's order thereon. The case was thereupon continued for the March term of said court."

In the remaining assignment it is insisted that the trial court's action in refusing to reinstate the cause constitutes reversible error. We have carefully considered the assignment presenting this question, but have been unable to concur in such conclusion. On the presentation of the motion no proof whatever was offered of the truth of the allegations in the original petition from which the court could determine that appellant had merit in her case; nor was any excuse whatever offered why the rule for costs had not been complied with. Appellant on the hearing of the motion did not testify, neither did her counsel, nor was other

evidence of excuse offered, and for aught that appears in the evidence on the hearing of the motion appellant may not only have actually known of the rule requiring security for costs, but may have willfully disregarded the same. So far as we have been able to find, it has been uniformly held that to entitle a party to favorable action upon such a motion to reinstate, sufficient reason must be shown why the party failed to comply with the order of the court requiring security for costs. Union Bank v. Hudgeons & Myers, 3 Texas, 9; Clute v. Ewing, 21 Texas, 678; Cook v. Ross, 46 Texas, 263. At most it was a matter of judicial discretion in the trial court, and we have been unable to say that in the instance before us such discretion has been abused.

The judgment will be affirmed.

*Affirmed.*