WILLIAM FINCK & CO. v. NACOGDOCHES MERCANTILE CO.

(Court of Civil Appeals of Texas. Galveston. Jan. 30, 1914.)

1. DISMISSAL AND NONSUIT (§ 81*)—REINSTATEMENT—GROUNDS.

Where a continuance was granted at the January term, 1911, and, though no court was held for the April and July terms of that year, and the case was inadvertently omitted from the docket of the November term, 1911, plaintiff's motion to reinstate, filed in November, 1912, must be granted, notwithstanding evidence of defendant's counsel that the court had assented

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes.

to its dismissal for want of prosecution; no record entry of dismissal appearing.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 182–192; Dec. Dig. § 81.*]

2. DISMISSAL AND NONSUIT (§ 79*)—EFFECT.

The assent of the trial court to the dismissal of an action for want of prosecution, without any entry either on the docket or the minutes, does not effect a dismissal.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 174, 175; Dec. Dig. § 79.*]

3. DISMISSAL AND NONSUIT (§ 81*)—ORDER NUNC PRO TUNC.

Where a case was inadvertently dropped from the docket, the denial of plaintiff's motion to reinstate it on the calendar thereafter does not have the effect of the entry of an order dismissing it nunc pro tunc, on defendant's motion for dismissal for want of prosecution.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 182–192; Dec. Dig. § 81.*]

Appeal from Nacogdoches County Court; Geo. F. Ingraham, Judge.

Action by William Finck & Co. against the Nacogdoches Mercantile Company. From a judgment denying the motion of plaintiff to replace the case on the calendar from which it had been dropped, plaintiff appeals. Reversed and remanded.

E. B. Lewis, of Nacogdoches, for appellant.

McMEANS, J. This is an appeal from a judgment of the county court refusing to grant a motion filed and presented by plaintiff, appellant here, to replace this case on the docket of the trial court, from which it had been dropped in some unexplained way. The suit was filed December 16, 1909. No order was made in the case by the court at the January, April, or July, 1910, terms thereof. At the November term, 1910, it was continued for the term on the application of the plaintiff, and at the January term, 1911, the judge's docket shows it was continued on the application of the defendant, the order being entered February 2, 1911. At the April term, 1911, the case did not appear on the docket, and its original number (828) was given to another case. No court was held for the April and July terms, 1911, and the case was not on the docket at the November term, 1911. At the November term, 1912, appellant filed a motion to have the case put back on the docket and its original number given to it. Evidence was heard on the motion, and the facts above recited were proved, and, in addition thereto, the following evidence was heard. Clifton Wells, the deputy clerk, who was intrusted with the preparation of the minutes of the court, testified that he had examined the minutes from and including the April term, 1911, to the date of the trial, but found no order or judgment dismissing the case from the docket, and that he had no recollection of the case being dismissed, but supposed that the reason he had not carried it forward upon the

docket was because it had been disposed of in some way. F. P. Marshall, who was county judge at the January and April terms, 1911, and at the time the motion to reinstate was filed, testified that he had examined the docket showing cases disposed of during his term of office and found no order entered dismissing the case and had no independent recollection of the case being disposed of by order of the court. On the other hand, George S. King testified that he was attorney for and represented the defendant from the time the suit was instituted; that he had agreed with plaintiff's attorney to continue the case several times in order that the latter might take some depositions; that he never submitted the depositions to be crossed; that at a term of the county court subsequent to the January term, 1911, he requested the court in open court to dismiss the case for want of prosecution, to which the court assented, and he had thought the clerk had entered the order on the minutes, as the case had not since been carried on the docket; that during the year 1912, and before the July term, he advised plaintiff by letter that the case had been dismissed for want of prosecution nearly two years before, and that no motion to reinstate was made by plaintiff at the July term, 1912, and that the next he knew of the matter was the filing of the motion to reinstate in November, 1912. This testimony shows that Mr. King requested the court to dismiss the case for want of prosecution, but falls short of showing that the case was dismissed in fact, because neither the docket nor the minutes show such action. Mr. King says he made the request some time subsequently to the January term, 1911, but at what particular time he does not undertake to say.

[1-3] The entry on the judge's docket shows that the case was continued at the January term, 1911, by the defendant, and that the order was entered February 2d. Certainly the request for a dismissal could not have been made at that term. No court was held for the April term, 1911, and the order could therefore not have been entered during that term, but, notwithstanding this, the case did not appear on the docket at that term, nor at any time since. At the time Mr. King requested the dismissal, it is evident that the case was not on the docket, which, of course, he did not know. It is also quite evident that the case was inadvertently omitted when the docket was being transferred from the January to the April term. The assent of the court to the dismissal without any entry either on the docket or the minutes of an order to that effect did not have the effect of dismissing the case. The judgment appealed from, denying appellant's motion to reinstate, is not equivalent to the entry of an order of dismissal nunc pro tunc.

We think, under the circumstances, the ap-

pellant had the right to have the case placed back on the docket from which it had been omitted. After it has been redocketed, the court can then hear proof upon a motion to enter the dismissal nunc pro tunc, if any such shall be filed, or can make such other disposition thereof as the justice of the case demands.

The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.