**BARTLETT v. BUCKNER.** (No. 1535.)

Court of Civil Appeals of Texas. Beaumont.
May 7, 1927.

1. Costs ⊸119—Dismissal for failure to file cost bond held error, where bond was filed before judgment of dismissal was pronounced.

Dismissal of case for failure to file cost bond held error, where bond was filed after court announced that motion to dismiss was sustained, but before judgment of dismissal was pronounced.

2. Judgment ⊸218—To constitute "judgment," there must be express adjudication to that effect.

In order to constitute a "judgment," there must be an express adjudication to that effect.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Judgment (in Law).]

---

⊸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(295 S.W.)

**3. Costs ⊚⇒119—Dismissal for failure to file cost bond held error, where case had been continued by agreement to date subsequent to dismissal.**

Where, at February term, order was entered requiring plaintiff to give security for costs, and at same term case was continued by agreement for call at 10:30 on September 9, dismissal of case in September term without plaintiff's consent, for failure to file cost bond, before it was regularly called on date of continuance thereof, was error.

Appeal from District Court, Nacogdoches County; C. A. Hodges, Judge.

Suit by D. E. Bartlett against R. G. Buckner. From a judgment of dismissal, plaintiff appeals. Reversed and remanded, with instructions to reinstate case.

V. E. Middlebrook, of Nacogdoches, for appellant.

Seale & Denman, of Nacogdoches, for appellee.

O'QUINN, J. Appellant sued appellee in the district court of Nacogdoches county for damages alleged to have been sustained by him because of an illegal sequestration sued out by appellee. The suit was filed August 21, 1925. At the February term, 1926, appellee ruled appellant for costs, and the court entered an order requiring appellant to give security therefor. At this term of the court the case was continued by agreement of the parties, and set for call at 10:30 a. m. on the 9th of September, 1926. The September term convened on Monday, September 6th, and on this date appellee filed a motion to dismiss the case, because no cost bond had been filed. The action of the court on this motion is reflected by the court's qualification to appellant's bill of exception as follows:

"This bill is approved with the following qualification: The facts recited are not approved as true, except as reflected by the statement of facts, and the defendant's counsel, on the first day of court, asked that the cause be dismissed, because the plaintiff's cost bond had not been filed. The court did not pass upon the motion on the first day; the same motion was urged the second day of court, and upon investigation it developed that the bond had not yet been filed; but the court still did not pass upon the motion, and the defendant's counsel in the afternoon of the same day again urged his motion to dismiss, but the court withheld his ruling until the following day, when the matter was again urged, and the court announced from the bench that the motion to dismiss was sustained; then plaintiff's counsel asked that the order of dismissal be not entered upon the docket until the plaintiff came into court, and as an accommodation to plaintiff's counsel the order of dismissal was not then made. Some time after this, the plaintiff came in and filed a cost bond with the clerk, and on the following morning, September 9th, the attention of the court was again called to this matter, when the order made the day before was entered of that date."

Appellant duly excepted to the action of the court in dismissing the case, and duly preserved his bill of exceptions. Motion to reinstate the cause on the docket of the court was made and overruled, and the case is before us on the question of the correctness of the court's action in dismissing for want of cost bond.

We are of the opinion that the court erred in sustaining the motion to dismiss because:

[1, 2] (1) As shown by the court's qualification to appellant's bill of exception, a cost bond was filed on September 8, 1926, and duly approved by the clerk. The judgment of dismissal was not entered until September 9th. It is well settled that, in order to constitute a judgment, there must be an express adjudication to that effect. It is not sufficient that the court make a ruling which should finally lead to a final disposition of it, but the consequence of the ruling must also be declared. The court's qualification of the appellant's bill shows that on the 8th the court announced that the motion to dismiss was sustained, but it does not show that any judgment of dismissal was also then pronounced. The court says that at the request of counsel for appellant the order of dismissal was not made and entered of record until the 9th, or the day after the announcement from the bench that the motion to dismiss was sustained. As was above announced, it is not sufficient that the court make a ruling which should finally lead to a final disposition of the matter in hand, but the consequence of the ruling, the judgment disposing of the rights of the parties in the matter under consideration, should also be declared. This was not done until after the cost bond was filed, it having been filed on the 8th and the final order declared and entered on the 9th. Wm. Finck & Co. v. Nacogdoches Mercantile Company (Tex. Civ. App.) 163 S. W. 590; Railway v. Richmond, 73 Tex. 572, 11 S. W. 555, 4 L. R. A. 280, 15 Am. St. Rep. 794; Posey v. Aiken, 17 Tex. Civ. App. 44, 42 S. W. 368.

[3] (2) If we should be in error as to our conclusion above, nevertheless the court erred in dismissing the case, because at the preceding term of the court the cause, by agreement of the parties, was continued to the September term, and specially set to be called regularly at 10:30 o'clock a. m. on September 9th, which was the fourth day of that term of the court. The motion to dismiss was filed and called to the court's attention, and his ruling asked thereon, on the 6th, but no action was taken. It was again urged on the 7th and 8th, at which last date the court announced the motion to dismiss was sustained. If it could be said that, otherwise, his ruling amounted to a dismissal of the case, still it was error, because, after an order of the court continuing the cause until the next term of the court and setting it for call at a time certain, a motion to dismiss for want of cost bond, being

filed on or before the first day of the current term, cannot be made before the time for calling the case as set, without the consent of the other party. Cunningham v. Holt, 12 Tex. Civ. App. 150, 33 S. W. 981, 984 (writ refused). The cost bond, having been filed before the case was reached for call at the agreed setting, was timely, and the motion to dismiss should have been overruled.

The judgment is reversed, and the cause remanded to the trial court, with instructions to reinstate the case on the docket for trial.