**Orvil L. McHENRY, Appellant,**

v.

**James W. SHELTON, Appellee.**

**No. 14881.**

Court of Civil Appeals of Texas, San Antonio.

June 10, 1970.

J. Kenneth Brewer, San Antonio, for appellant.

Hand & Chacon, San Antonio, for appellee.

BARROW, Chief Justice.

On Motion for Rehearing.

Our opinion of May 27, 1970, is withdrawn and the following substituted:

This is an appeal from a judgment rendered after a non-jury trial whereby appellee, James W. Shelton, recovered the sum of $925.31 from appellant, Orvil L. McHenry, for property damages sustained in a collision. The sole point on this appeal is whether the trial court erred in not dismissing appellee's suit after he had failed to comply with the trial court's rule for costs which was ordered a few days before appellant's amended motion for new trial was overruled.

Appellee filed this suit seeking to recover damages for his personal injuries and cost of truck repairs sustained in a collision on December 25, 1965, between appellee's pick-up truck and appellant's sedan. The case was tried before the court on October 30, 1969, and a judgment was signed on November 7, 1969, which provided that appellee recover the sum of $925.31, together with all costs of suit. Appellant filed a motion for new trial on November 14, 1969, which was amended on December 2, 1969. On December 22, 1969, such amended motion for new trial was overruled by written order which included a notice of appeal. Appellant's appeal bond was filed on January 17, 1970.

The trial on the merits was heard by the Honorable James E. Barlow, Judge of the 186th District Court of Bexar County. Judge Barlow signed the judgment and order overruling the amended motion for new trial. In the meantime, on December 18, 1969, the Honorable Robert R. Murray, Judge of the 45th District Court of Bexar County, signed an order ruling appellee for costs, apparently without notice of the judgment previously entered in this cause. On January 12, 1970, the attorney for appellant presented a proposed order to Judge Murray dismissing this cause

because of appellee's failure to comply with the rule for costs. Judge Murray refused to sign the order and wrote on the bottom of same: "This was presented to me and in my opinion I have lost jurisdiction to enter this order dismissing the case for failure to comply with the rule for cost." Such proposed order was filed in the papers of this cause.

Rule 143, Texas Rules of Civil Procedure, provides in part: "The plaintiff may be ruled to give security for costs at any time before final judgment, * * *." The judgment entered on November 7, 1969, determined the whole case, it disposed of all matters involved in the suit and determined the rights of all parties. It thus was a final judgment. Linn v. Arambould, 55 Tex. 611 (1881); North East Independent School Dist. v. Aldridge, 400 S.W.2d 893 (Tex.Sup.1966); Hargrove v. Insurance Inv. Corp., 142 Tex. 111, 176 S.W.2d 744 (1944); Appellate Procedure in Texas, Sec. 2.4.

It is true that under Sec. 5 of Rule 329b, supra, the trial court retained inherent and plenary powers over such judgment and the order overruling the amended motion for new trial for a period of thirty days. Furthermore, our Rules of Civil Procedure provide for the right of appeal to the Court of Civil Appeals. Nevertheless, the judgment of November 7, 1969, was a final judgment subject, of course, to the right of review granted to the trial and appellate courts.

Appellant's motion filed on December 18, 1969, was not made "before final judgment" as provided in Rule 143. We therefore conclude that appellant's motion to rule appellee for costs was not timely filed under Rule 143, supra.

In any event, reversible error is not shown by the trial court's refusal to dismiss appellee's suit on January 12, 1970. There is no showing in the record that appellee was given notice that such order ruling him for costs had been entered.

Houston v. Sublett, 1 Tex. 523 (1846). Furthermore, at the time the order of December 18, 1969, was signed, all costs had been adjudged against appellant. Appellant's point is without merit.

The judgment is affirmed.