### SCHNITZER v. RICHARDSON.
#### District Clerk, et al.
#### Motion No. 13998.

Court of Civil Appeals of Texas.
San Antonio.
Aug. 15, 1940.

Samuel Peterson and Bonham & Weller, all of San Antonio, for appellant.

Neel & King, of Corpus Christi, for appellees.

SMITH, Chief Justice.

In the matter in hand, it appears that the district judge heard evidence on relator's duly contested application for leave to appeal in forma pauperis, but in denying such application granted relator leave to appeal upon condition that he deposit cash for costs in the sum of $500, or file in lieu thereof his appeal bond for costs in the sum of $1,000. Relator now asks leave to file his petition for "judgment setting aside said order" of the court below, and for mandamus requiring the clerk of the trial court to furnish relator with a free transcript of the record, and the court reporter to furnish a free statement of facts for use in this appeal, under the provision of Art. 2266, as amended, and Art. 2278a of Vernon's Civil Statutes.

This being an original proceeding here, this Court has no jurisdiction to either affirm, set aside or reverse the order of the trial judge requiring relator to deposit a sum in cash or furnish an appeal bond for a stipulated sum; such jurisdiction to review and revise is purely appellate, which cannot be invoked in this original proceeding.

On the other hand, the question of relator's inability to pay or secure all or a part of the costs of appeal is primarily one of fact to be determined by the trial judge from evidence adduced upon the hearing of a contested affidavit of inability. On the hearing in this instance relator testified at length upon that issue. If full favorable effect be given his testimony and all deducible inferences therefrom, he would be entitled to the right of appeal under the statute. But it is obvious that the trial judge did not give full credence to all relator's testimony, but, on the contrary, found as a fact therefrom that relator was able to pay or secure at least a part of the costs of appeal. Looking at the record as presented, we cannot say, as a matter of law, that the trial judge (presumably acquainted with the

parties and their situations, and seeing and hearing the witnesses testify upon the issue) abused his discretion in holding that the evidence showed relator is able to pay or secure a part of the costs of appeal. This being so, this Court is without authority to require the officers of the trial court to furnish a free record to relator to enable him to prosecute an appeal in the case.

Under the case thus made relator's previously tendered and rejected petition for mandamus did not show probable cause for that relief, and his motion for rehearing upon his previously denied motion for leave to file said petition must be overruled.