STEPHENS v. DODSON et al.
No. 14219.

Court of Civil Appeals of Texas. Dallas.
Jan. 20, 1950.

Rehearing Denied Feb. 17, 1950.

Enoch G. Fletcher, Grand Saline, for relator.

Wynne & Wynne, Wills Point, for respondents.

## PER CURIAM.

This is a proceeding filed by relator for a writ of mandamus against the District Clerk and the Official Reporter who had refused to prepare a transcript and statement of facts in Cause No. 8485, styled Mary Lou Stephens v. Van Zandt County, to require them to do so. The record shows that on the hearing in the district court on a contest of relator's affidavit in lieu of cost bond, relator testified in substance as follows: That she is a widow and has three children; all the property she owns is her home consisting of a farm about four miles from Grand Saline (which she purchased after her divorce from her former husband), worth about $5,000, against which there is a lien for $250; she has no other property of any kind except her household goods; she does not reside on the farm, because she works in a drugstore in Grand Saline, where she earns $85 per month; her ex-husband is supposed to pay her $25 per month for the support of her three children, but he is in arrears; it takes every penny she gets hold of to support herself and children and she has no money left when she has paid her bills; she has no money on hand; the 1949 rent she received from her farm amounted to $190, but she paid $300 house rent in Grand Saline; she requested four business men in Grand Saline to go on her appeal bond and they all refused; she does not know of anyone she could ask to go on her bond; she made diligent effort to make the appeal bond but is unable to do so; she has nothing except her farm to give as security to raise money; the judgment she desires to appeal from involves the value of a right-of-way for a farm-to-market road through her land.

Her affidavit for costs was contested. The district clerk and the official court reporter, before the hearing on the contest in the district court, refused to prepare a transcript and a statement of facts for her. After hearing the testimony, the trial court found against relator and sustained the contest of her oath for costs.

Our Supreme Court, in the case of Pinchback v. Hockless, 139 Tex. 536, 164 S.W.2d 19, 20, because of the frequency of questions of this sort in trial and appellate courts, published an opinion on the question for their guidance. It is there held that if " * * * it really appears that a party is unable to pay the costs, or give security therefor, the court should unhesitatingly grant the relief prayed for. On the other hand, it must be remembered that if a party is relieved of the necessity of paying the costs for which he is otherwise liable, those who file the papers, serve the process, or prepare the statement of facts or transcript may have to do their work without pay. Likewise, the witnesses who are compelled to leave their employment in order to attend court may have to go uncompensated for the time lost by them. Some of them may be as poor as the party who seeks to be exempted from the payment of the costs. No man should be allowed the privilege of requiring others to thus work for him without pay if he is really able to pay the costs, or give security therefor." It was further held that even though he was otherwise unable to pay the costs, "if he owns an automobile or truck or other valuable property, although exempt from execution, which he could mortgage or otherwise dispose of and thereby secure the necessary funds without depriving

himself and his family of the necessities of life, he should be required to pay the costs, or give security therefor." It was further held that the burden of proof on the contest is on the applicant (the relator here).

■ The district judge passed on the questions of fact involved and the credibility of the witnesses, and, even though relator's testimony from a reading thereof, if believed by the Court, might appear to entitle the applicant to appeal on such affidavit, the trial judge's finding to the contrary should not be overturned unless such finding is clearly against a preponderance of the evidence. As stated by the San Antonio Court of Civil Appeals in Schnitzer v. Richardson, Tex.Civ.App., 142 S.W.2d 958, in a similar situation: "But it is obvious that the trial judge did not give full credence to all relator's testimony, but, on the contrary, found as a fact therefrom that relator was able to pay or secure at least a part of the costs of appeal. Looking at the record as presented, we cannot say, as a matter of law, that the trial judge (presumably acquainted with the parties and their situations, and seeing and hearing the witnesses testify upon the issue) abused his discretion in holding that the evidence showed relator is able to pay or secure a part of the costs of appeal. This being so, this Court is without authority to require the officers of the trial court to furnish a free record to relator to enable him to prosecute an appeal in the case."

■ On the record here, even though, as contended by relator, the farm is her homestead and not subject to forced sale, it nevertheless can be mortgaged by her, and a valid lien created thereon by such mortgage. Spencer v. Schell, 107 Tex. 44, 173 S.W. 867.

■■ There is no testimony that she endeavored to mortgage the farm or use it as security for the costs. The trial court's finding of fact that relator had not made a good-faith effort to pay the costs, or give security therefor, cannot be said to be against the preponderance of the evidence; and we must therefore deny relator's application for mandamus.