Francis L. BROWN, Relator,

v.

Harold B. CLAPP, District Judge, Respondent.

No. 1475.

Court of Civil Appeals of Texas, Tyler.

Feb. 26, 1981.

Susan M. Withers, East Texas Legal Services, Tyler, for relator.

Wm. M. Routon, Larry W. Jones, Asst. Dist. Attys., Hunter B. Brush, Dist. Atty., Tyler, for respondent.

SUMMERS, Chief Justice.

This is an original application by relator Francis L. Brown for writ of mandamus against Honorable Harold B. Clapp, respondent and Judge of the 321st Judicial District Court of Smith County, seeking permission, without payment of costs or giving security therefor, to prosecute a cause of action for divorce, being Cause No. 80–1253, In the Matter of the Marriage of Francis L. Brown and Leroy Brown and in the Interest of Debbie Brown and Jo Ann Brown, children, on the docket of said court.

At the institution of the divorce suit, relator Brown filed an affidavit of inability to pay the court costs or give security therefore, in compliance with Tex.R.Civ.P. 145. The District Clerk of Smith County filed a contest of her inability to pay costs. A hearing was then held at which time relator testified and took the burden of proving the truth of her affidavit. After such hearing, the trial judge denied the pauper's oath and rendered his order sustaining the contest. Relator then initiated this original proceeding for writ of mandamus.

We agree with relator when she says in her brief that mandamus is her proper remedy. It is so held in a number of cases later cited in this opinion. We have jurisdiction to consider this application pursuant to Tex. Rev.Civ.Stat.Ann. art. 1824 (Vernon 1964).

Relator's application is predicated upon three points of error alleging that the trial court erred (1) in holding that pauper's oaths are not to be honored in cases of divorce because a divorce is not a necessity, (2) in refusing to deny the contest and proceed to trial and judgment in this cause, and (3) abused his discretion in sustaining the contest of the affidavit of inability to pay court costs as there was no evidence of relator's present ability to pay.

Relator Brown testified that when she signed the affidavit she did not have any cash or money to pay the filing fee for the divorce suit; that she has no car, no check-ing account and no savings account; that she is not working and has not worked outside the home for six years; that she has no household furniture, hobby equipment, or real estate which could be sold or used as collateral for a loan; that her income is limited to a welfare check (aid for dependent children) in the amount of $116.00 per month and food stamps in the amount of $164.00 a month; that she is in a government subsidized housing program which pays her rent of $100.00 a month and her light bill; that when the food stamps are used for the purchase of food, she only has $116.00 a month left for her other expenses; that after paying her gas and water utility bills of about $35.00 a month, there only remains about $81.00 a month to buy clothing and personal items needed for herself and her two daughters, ages fifteen and thirteen.

Relator further testified that she and her husband, Leroy Brown, have been separated about six years; that he has not provided her with any financial support; that he is in Tyler and employed somewhere here but neither she nor the Department of Human Resources have been able to locate him; and that for all practical purposes she is destitute and unable to pay court costs.

The record further reveals that relator is represented by an attorney of East Texas Legal Services, Inc., a legal service organization which provides representation for indigent residents.

In response to questions propounded by the trial court, relator testified that she had tried to get a job by looking through the newspaper, that she had not made out an application for work, and that she plans to go to work as soon as she can find something. When relator replied "I'm going to try to find something," the following transpired:

THE COURT: Well, I'm going to give you a chance. I'm going to deny this pauper's oath.

I think with food stamps and all the things you have that the Government is doing enough for you. I don't think you need a divorce that badly.

This is an application for a divorce; isn't it, counselor?

MS. WITHERS: Yes, it is sir.

THE COURT: Well, the Supreme Court says that a divorce is a luxury.

If I read the cases right, the pauper's oaths are not to be honored in cases of divorce because a divorce is not a necessity. It just may be that if you want a divorce you will have to pay for it.

The Pauper's Oath is denied.

In deciding the merit of this application, we refer to language used in *Goffney v. Lowry*, 554 S.W.2d 157, 159 (Tex.1977):

The starting point in this matter is the inquiry set forth in *Pinchback v. Hockless*, 139 Tex. 536, 164 S.W.2d 19 (Tex. Com.App.1942): Would the applicant be "unable to pay the costs, or a part thereof, if he really wanted to and made a good-faith effort to do so?"

Justice Reavley, speaking for a unanimous court, restated the reason for the holding in *Pinchback v. Hockless;* [1] and, as applied to this case, held:

The fact that any individual is dependent upon the charity of the public afforded through the various welfare programs is, by itself, prima facie evidence that the person is financially unable to pay the court costs or give security therefor." (554 S.W.2d at 159–160)

 Under the evidence adduced in the instant case, we conclude that relator is wholly dependent upon the charity of the public through the various welfare programs and that the trial court abused its discretion in sustaining the contest of relator's affidavit of inability to pay costs. *Goffney v. Lowry*, supra at 159–60; *Charlene Brown v. Gilbert Lester Brown, No. 8471* (Tex.Civ.App.-Beaumont July 24, 1980, unpublished); *Jones v. Milburn*, 553 S.W.2d 779, 780–81 (Tex.Civ.App.-El Paso 1977, no writ); *Wright v. Peurifoy*, 260 S.W.2d 234, 235–36 (Tex.Civ.App.-Dallas 1953, no writ); *Burleson v. Rawlins*, 174 S.W.2d 979, 980–81 (Tex.Civ.App.-Dallas 1943, no writ).

Furthermore, the Supreme Court in *Allred v. Lowery*, 597 S.W.2d 353, 355 (Tex. 1980), in determining a prisoner's right to appeal in forma pauperis, held that the prisoner's testimony that he might be paroled and that if paroled he might obtain a job was nothing more than speculation and did not constitute evidence of his ability to pay costs of appeal. This and the cases cited above indicate that in considering a contest to a pauper's affidavit, the proper consideration is *present* ability to pay costs rather than a future, more speculative ability.

We direct Judge Clapp to enter an order overruling the contest to relator's affidavit of inability to pay costs, and authorizing relator to prosecute her divorce action on her affidavit of inability to pay costs.

The mandamus is granted, but the writ will be issued only if necessary.

adjudicate his rights merely because he is too poor to pay the court costs."