James WALLGREN, Relator,

v.

The Honorable Harlan A. MARTIN, Judge, 192nd Judicial District Court, Respondent.

No. 05–85–00878–CV.

Court of Appeals of Texas, Dallas.

Nov. 8, 1985.

Darrell Panethiere, of Windle Turley, Dallas, for relator.

Broadus A. Spivey, Austin, for amicus curiae.

E. Thomas Bishop, P. Michael Jung, Strasburger & Price, Dallas, Robert Summers, Thornton, Summers, Biechlin, Dunham & Brown, San Antonio, for respondent.

Before GUITTARD, C.J., and ALLEN and DEVANY, JJ.

GUITTARD, Chief Justice.

Relator James Wallgren seeks a writ of mandamus ordering respondent, The Honorable Harlan A. Martin, Judge of the 192nd Judicial District Court, to rescind the order of August 5, 1985, which sustained the contest to Wallgren's affidavit of inability to give security for trial costs and to enter an order denying the contest and allowing Wallgren to proceed in forma pauperis. We hold that respondent was within his discretion in sustaining the contest, and accordingly, we deny Wallgren's petition for writ of mandamus.

Wallgren brought a products liability suit against Bobby Evans Sporting Goods, Inc., Athletic Supply of Dallas, Inc., B & B Sporting Goods, Inc., and Riddell, Inc. based upon a personal injury Wallgren sustained while wearing an allegedly defectively-designed football helmet. The helmet was allegedly designed and manufactured by Riddell and marketed by the three sporting goods companies. Wallgren sought actual damages in excess of $15,-000,000 and punitive damages of $15,000,-000.

Athletic Supply filed a motion in the trial court to require Wallgren to provide security for trial costs. Wallgren responded and filed an affidavit of inability to give security for trial costs. Athletic timely filed a contest to Wallgren's affidavit. On August 5, 1985, the trial court entered an order sustaining the contest and requiring Wallgren to:

a. File with the clerk of this Court no later than August 5, 1985, an open-ended bond, sufficient to conform with all requirements of law, assuring payment of all court costs herein; or

b. Within twenty (20) days of being notified by United States Certified Mail, Return Receipt Requested, that Defendants have incurred court costs, deposit with the Clerk of this Court cash in an amount sufficient to cover such costs.

The order further provided that:

Either Plaintiff or those sponsoring this litigation on Plaintiff's behalf may file the above bond and make the above described payments. Should Plaintiff fail to comply with one of the above alternative directives in the manner and within the time specified, Plaintiff's claim for affirmative relief shall be dismissed.

The trial court stayed its order pending any mandamus proceedings.

The trial court's order sustaining the contest to Wallgren's pauper's affidavit is properly reviewable by writ of mandamus. *Brown v. Clapp*, 613 S.W.2d 78 (Tex. Civ.App.—Tyler 1981, no writ); *Burleson*

*v. Rawlins,* 174 S.W.2d 979 (Tex.Civ.App.—Dallas 1943, no writ). Review of the trial court action is for abuse of discretion. *See Brown,* 613 S.W.2d at 80.

Wallgren testified that he is a quadriplegic and confined to a wheelchair. His only sources of income are supplemental social security and family assistance. He has only a few personal belongings and approximately $200 in the bank. At the time of the hearing, he was not working and did not live at home with his parents. According to Wallgren, he has worked since his injury but is currently a student and has not applied for a job since leaving his last employment. He testified that he has not attempted to borrow funds to pay for court costs. He further testified that he has not attempted to pledge his personal injury claim to obtain a loan for these costs.

Wallgren complains that the trial court erred in requiring his family and attorneys to post his cost bond. We find no such requirement in the court's order. The record contains a discussion between the court and the attorneys of record for the parties. That discussion contains statements by the court about the defendant's costs of the litigation and ways that those costs may be indemnified by the plaintiff. The discussion progresses into possibilities that include indemnification by persons other than plaintiff. However incorrect the court would have been to enter an order along the lines of that discussion, the ultimate fact remains that the court signed an order which was not an abuse of discretion.

It is moot for us to address the impropriety of requiring a relative or an attorney to indemnify a defendant for costs resulting from litigation caused by a plaintiff whose cause may be sponsored by such parties, which is the basis of Wallgren's complaint. On this point *see Allred v. Lowry,* 597 S.W.2d 353, 355 (Tex.1980); *Goffney v. Lowry,* 554 S.W.2d 157, 160 (Tex.1977); *Galveston, H. & S.A. Ry. Co. v. Mathes,* 73 S.W. 411, 412 (Tex.Civ.App. 1903, no writ); *The Oriental v. Barclay,* 16 Tex.Civ.App. 193, 41 S.W. 117, 122 (1897,

no writ); *Gulf C. & S.F. Ry. Co. v. Knott,* 14 Tex.Civ.App. 158, 36 S.W. 491, 494 (1896, no writ); and *Gulf, C. & S.F. Ry. Co. v. Scott,* 28 S.W. 457, 458 (Tex.Civ.App.1894, no writ).

■ In the action before us today, the trial court's order provided that either Wallgren *or* those parties sponsoring his litigation could file the required bond. Because Wallgren has not conclusively established an inability to provide security for costs, we find no error. A litigant who voluntarily remains unemployed and lives by the generosity of relatives is not entitled to require the officers of the court to render services free while other citizens are required to pay for similar services. *Keller v. Walker,* 652 S.W.2d 542, 544 (Tex. App.—Dallas 1983, no writ). When the record demonstrates that a party has the ability to raise money through future employment, no abuse of discretion is shown in the sustaining of a contest to pauper's affidavit. *Ranier v. Brown,* 623 S.W.2d 682, 686 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ).

■ Wallgren has filed suit seeking total damages in excess of $30,000,000. He testified, however, that he has made no attempt to borrow funds against this claim to finance his litigation expenses. While Wallgren testified that he owns very little personal property which could serve as collateral, his personal injury claim itself may constitute a valuable asset which could form the basis of security for a loan. Since Wallgren did not attempt to borrow against this asset, the trial court was entitled to find that he did not establish his right to proceed without providing security for costs. We hold that the trial court did not abuse its discretion in sustaining the contest to Wallgren's pauper's affidavit. *See McCartney v. Mead,* 541 S.W.2d 202, 205–06 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ); *Stephens v. Dodson,* 226 S.W.2d 924, 926 (Tex.Civ.App.—Dallas 1950, no writ).

Wallgren's application for writ of mandamus is DENIED.