**Arlene MARSHALL, Relator,**

**v.**

**The Honorable Dee MILLER, Judge, 254th Judicial District Court of Dallas County, Texas, Respondent.**

**No. 05–86–00026–CV.**

Court of Appeals of Texas, Dallas.

March 11, 1986.

**232**

mandamus to order Judge Miller to set aside her January 3, 1986 order sustaining the contest to Marshall's affidavit of inability to pay costs on appeal and to allow Marshall to proceed as a pauper. Alternatively, Marshall requests that we order Judge Miller to set aside her finding that Marshall did not file the affidavit of inability to pay costs in good faith. We find no abuse of discretion in the trial court's actions and, accordingly, we deny relator's petition for writ of mandamus.

Marshall and her ex-husband "Woody" were married on April 26, 1982. They were divorced on October 15, 1982. They remarried and were divorced again on December 31, 1985. On July 16, 1985, Marshall filed a bill of review to set aside the 1982 agreed judgment of divorce. The trial court found that Marshall had failed to show a meritorious defense and, on November 26, 1985, dismissed the bill of review. On December 26, 1985, Marshall filed an affidavit of inability to pay costs on appeal of this dismissal. Both Woody and the district clerk filed contests to Marshall's affidavit.

On January 3, 1986, the trial court sustained both Woody's and the district clerk's contests. Included in this order was the finding that Marshall's affidavit of inability to pay costs "was not filed in good faith." This finding prevents Marshall from obtaining a ten-day extension of time to file on appeal bond under rule 356(b) of the Texas Rules of Civil Procedure. Because, under the facts before us today, the sustaining of the contest and the finding of lack of good faith are so closely intertwined, we will address both issues together.

Thomas R. Hartnett, Dallas, for relator.

Anne T. Moody, and James S. Robertson, Jr., Robertson, Miller & Taylor, Shirley Thomas, Asst. Dist. Atty., Dallas, for respondent.

Before STEPHENS, McCLUNG and McCRAW, JJ.

STEPHENS, Justice.

This is an original proceeding in which relator Arlene Marshall seeks a writ of

■ An order sustaining the contest to a pauper's affidavit is properly reviewable by writ of mandamus. *Brown v. Clapp*, 613 S.W.2d 78 (Tex.Civ.App.—Tyler 1981, no writ); *Burleson v. Rawlins*, 174 S.W.2d 979 (Tex.Civ.App.—Dallas 1943, no writ). Review of the trial court's action is for an abuse of discretion. *See Brown*, 613 S.W.2d at 80. Although the review of a finding under rule 356(b) that an affidavit

was not filed in good faith appears to be one of first impression, we hold that the standard of review is also for an abuse of discretion.

Subjectively, good faith is the antithesis of bad faith. *Fenner v. American Surety Co. of New York,* 156 S.W.2d 279, 283 (Tex.Civ.App.—Waco 1941, writ ref'd w.o.m.). It connotes honesty. *State Board of Insurance v. Professional and Business Men's Insurance Company,* 359 S.W.2d 312, 322 (Tex.Civ.App.—Austin 1962, writ ref'd n.r.e.). Good faith includes not only a personal upright mental attitude and clear conscience but also an intention to observe legal duties. *Id.* at 323.

Section 1915(a) of Title 28 of the United States Code provides that "An appeal may not be taken in forma pauperis if the trial court certified in writing that it is not taken in good faith." Good faith in this context has been applied as an objective test in which an appellant need only demonstrate that appellate review of any issue is not frivolous. *Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962). An appellant need not establish a probable right of success, *Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983), but merely an arguable or colorable issue on which an appellant might prevail. *Jones v. Frank,* 622 F.Supp. 1119, 1120 (W.D.Tex. 1985).

■ We believe that "good faith" in the context before us today must also be measured by an objective rather than subjective standard.[1] In reviewing the trial court's finding that the affidavit was not brought in good faith, we will uphold this finding only if the record evidences that relator's affidavit was totally frivolous.

Relator testified that at the time of the contest hearing, she had no money in the bank, only fifteen or twenty dollars on her person and owed approximately seventy-seven thousand dollars. She also testified, however, that using a financial statement her net worth would be approximately $255,000.

According to relator she owned a half-interest in a residence valued at approximately $400,000. The property was apparently tied up in the second divorce proceedings; however, it was not encumbered by any type of mortgage. She owned a rent house in Garland, Texas. She also owned approximately $12,000 in furs (a sable jacket and hat and a mink coat) and $30,000 in jewelry.

Relator had pending litigation seeking to recover at least $150,000 in one suit and an undisclosed amount in two other suits. She also had an income tax claim for $20,-000. Furthermore, relator had demonstrated a past ability to work in real estate, earning $37,000 in 1980 and $26,000 in 1981.

Finally, relator testified that at the time she signed the affidavit of inability to give costs, she had made no effort to raise money for a cost deposit. At the hearing on the contest, she testified that she had not attempted to borrow on her real estate, her pending litigation, or her income tax claim. She had not tried to sell or borrow on her furs or jewelry and had made no attempt to contact an insurance company or bonding company to obtain the $1,000 appeal bond.

Having reviewed the entire record we can find no basis which would conceivably support an attempt to proceed as a pauper on appeal. The trial court was certainly entitled to make a determination that not only was relator not entitled to proceed as a pauper, but that she did not file the affidavit in good faith.

Relator's petition for writ of mandamus is denied.

---

1. We note, however, that were we to apply a subjective standard to the facts before us today, our result would be the same.