

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00633-CV

**IN RE J.P.N.**

Original Mandamus Proceeding[1]

Opinion by:     Rebeca C. Martinez, Justice

Sitting:        Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice
                Irene Rios, Justice

Delivered and Filed:  January 31, 2018

AFFIRMED

Relator J.P.N. appeals the trial court's order finding him not indigent and denying his request for a free reporter's record in his mandamus proceeding before this court. We conclude the trial court did not abuse its discretion in sustaining the contest to Relator's affidavit of indigence and finding Relator has the ability to pay for the reporter's record. We affirm the trial court's order.

## BACKGROUND

Relator was married to real party in interest, Y.N. The couple had two children when they divorced in 2010. In the final divorce decree, Relator was designated sole managing conservator and Y.N. was granted limited access to the children. Since the divorce, the parties have engaged

---

[1] This proceeding arises out of Cause No. 2009-CI-06183, styled *In the Interest of J.T.N. and J.T.A.N*, pending in the 407th Judicial District Court, Bexar County, Texas, the Honorable Cathleen M. Stryker presiding.

in ongoing litigation involving the divorce decree's custody provisions. On August 31, 2017, following a hearing on July 17-18, 2017, the trial court issued temporary orders requiring a child custody evaluation and psychological evaluations on both parents, with Relator to pay the costs of the evaluations. Relator challenged this order with a petition for writ of mandamus filed on August 31, 2017.

Relator did not file a reporter's record of the July 17-18, 2017 hearing with his petition for writ of mandamus. On October 2, 2017, Relator filed an affidavit of indigence. The court reporter filed a contest to the affidavit of indigence. On October 26, 2017, the trial court conducted a hearing on the contest at which Relator testified. At the conclusion of the hearing, the trial court sustained the contest and signed an order stating Relator has the ability to pay the costs of court incurred in the custody dispute, including the court reporter's fee. Relator filed a motion appealing the trial court's order denying him indigent status. On appeal, Relator contends he is involuntarily unemployed, has no income, receives food stamps and Medicaid for himself and the children, and is assessed as 80% disabled by the U.S. Department of Veterans' Affairs.

## ANALYSIS

We review a trial court's order sustaining a contest to an affidavit of indigence for an abuse of discretion. *White v. Bayless*, 40 S.W.3d 574, 576 (Tex. App.—San Antonio 2001, pet. denied). When a contest is filed, the affiant bears the burden to prove his indigence by a preponderance of the evidence. *Higgins v. Randall Cnty. Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008); *Basaldua v. Hadden*, 298 S.W.3d 238, 241 (Tex. App.—San Antonio 2009, no pet.) (per curiam). The test for determining indigence is whether the record as a whole shows by a preponderance of the evidence that the affiant would be unable to pay all or part of the costs, or give security for the costs, "if he really wanted to and made a good-faith effort to do so." *Higgins*, 257 S.W.3d at 686; *Basaldua*, 298 S.W.3d at 241.

"A litigant who voluntarily remains unemployed and lives by the generosity of relatives is not entitled to require the officers of the court to render services free while other citizens are required to pay for similar services." *Wallgren v. Martin*, 700 S.W.2d 28, 30 (Tex. App.—Dallas 1985, orig. proceeding). A trial court does not abuse its discretion in sustaining a contest to an affidavit of inability to pay when the record shows a party has the ability to earn money through future employment. *Id.* Further, the failure by a person claiming indigence to make a real attempt to obtain or find assets that could be used to provide funds for paying for the appellate record constitutes evidence that a good-faith effort has not been made, and a trial court does not abuse its discretion in sustaining a contest based on such evidence. *See White*, 40 S.W.3d at 576.

Relator had the burden to prove by a preponderance of the evidence that he cannot pay the cost for preparing the reporter's record for his mandamus proceeding. In his affidavit of inability to pay, Relator contends he has $132,793.93 in debt, owns property valued at $6,540.71, has total monthly expenses of $2,752.39, and a total monthly income of $2,108.37.

At the hearing on the contest to Relator's affidavit of indigence, Relator offered his own testimony and that of his mother. Relator has a law degree, a bachelor's degree in biochemistry, an associate's degree in cardiopulmonary technology, and a Master's Level Certification in Education. Relator testified he was discharged from the military and assessed at 70% disabled due to anxiety and depression; his disability rating was increased to 80% in May 2017. Relator attended law school after being discharged from the military, passed the bar exam, and has earned income as an attorney. Relator was employed as a teacher at the beginning of 2017, but "stopped being able to go through this case and function as a teacher." According to Relator, his employer terminated him because "there were so many trials." Relator's certification in cardiopulmonary technology is expired, and he has not taken any action to reactivate that certification. According to Relator, he has focused his job search in the legal profession.

Relator offered in evidence a document in which he acknowledged he owed his mother $120,573.13. This money was allegedly loaned to Relator by his mother to pay legal expenses arising from his child custody dispute. Relator also introduced testimony from his mother. Relator's mother testified that she had loaned Relator money in the past and he repaid her. She stated she loaned him $120,573.13 for legal fees and expected him to repay the loan. Relator's mother also testified she loaned Relator money to buy a house, but then he got a loan for the house that resulted in her recouping most of her loan, except for "about $24,000 to $27,000."

Based on our review of the record before us, we cannot say the trial court abused its discretion in sustaining the contest to Relator's affidavit of inability to pay. In making its ruling, the trial court made several findings with respect to Relator's ability to pay for the costs of the reporter's record. The court found Relator has the ability to continue to work as a licensed attorney by virtue of his past employment and his current legal work in the instant case; was current on his mortgage and property taxes; has an annual income over the Federal Poverty Guidelines threshold for a household of three; spends the majority of his day working on this litigation; has received money and charity from his mother in the past and continues to do so, and his mother will not "impose legal collection practices to recoup" any of this money; and Relator is "voluntarily unemployed and lives by the generosity of relatives."

The failure by a person claiming indigence to make a real attempt to obtain or find assets that could be used to provide funds for paying for the appellate record constitutes evidence that a good-faith effort has not been made, and a trial court does not abuse its discretion in sustaining a contest based on such evidence. *See White*, 40 S.W.3d at 576. The record here supports the trial court's fact findings and conclusion that Relator has failed to make a good-faith effort to obtain funds to pay the fee for the court reporter's record. Because the evidence does not show that Relator "would be unable to pay the costs, or a part thereof, if he really wanted to and made a

good-faith effort to do so," the trial court did not abuse its discretion in sustaining the contest to his claim of indigence. *See Higgins*, 257 S.W.3d at 686; *see also Basaldua*, 298 S.W.3d at 241. Therefore, Relator is not entitled to proceed without paying for the court reporter's record. *See* TEX. R. CIV. P. 145.

Based on the foregoing, we hold the trial court did not abuse its discretion in sustaining the contest to Relator's claim of indigence and, we affirm the trial court's order. Relator is therefore ordered to: (1) pay, or make arrangements to pay, for the reporter's record within fifteen days from the date of this opinion; and (2) file written verification of such payments or payment arrangements with this court no later than the 15th day after the date of this opinion. We caution Relator that failure to pay for the reporter's record will result in consideration of this mandamus proceeding without a reporter's record. *See* TEX. R. APP. P. 52.7; *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (party seeking mandamus relief bears the burden of providing this court with a record sufficient to establish its right to relief).

Rebeca C. Martinez, Justice