**Order Affirmed and Opinion Filed July 8, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00356-CV

## IN THE INTEREST OF M.M.J., A CHILD

### On Appeal from the 469th Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 469-54891-2019

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Smith
Opinion by Chief Justice Burns

Seeking to proceed in these appeals without payment of costs, appellant filed a statement of inability to afford court costs in this case. *See* TEX. R. CIV. P. 145(b). The trial court contested her statement of inability. *See id*. 145(e)(2). Following a hearing, the trial court signed an order finding that appellant did not prove that she would be unable to pay for the record and ordering her to pay costs. Appellant asks this Court to review the order. *See id*. 145(g)(1).

At the rule 145 hearing, the burden is on the declarant to prove her inability to afford the payment of court costs. *See id*. 145(f)(1). In reviewing a trial court's ruling on a contest to a statement of inability, we apply an abuse of discretion standard. *See Basaldua v. Hadden*, 298 S.W.3d 238, 241 (Tex. App.—San Antonio

2009, no pet.) (per curiam). A trial court abuses its discretion if it acts without reference to any guiding rules or principles or in an arbitrary and unreasonable manner. *Id.* The test for determining indigence is whether the record as a whole shows the declarant proved "by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if [s]he really wanted to and made a good-faith effort to do so." *In re C.H.C.*, 331 S.W.3d 426, 429 (Tex. 2011) (per curiam) (citing *Higgins v. Randall Cnty. Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008)).

A trial court can consider a number of factors when determining a contest to a statement of inability. Some of these factors include the litigant's employment history, *Goffney v. Lowry,* 554 S.W.2d 157, 160 (Tex.1977); the value of the litigant's claim and whether it could afford the basis for security of a loan, *Wallgren v. Martin,* 700 S.W.2d 28, 30 (Tex. App.—Dallas 1985, orig. proceeding); and that the litigant cannot secure a bona fide loan to pay the costs, *Pinchback v. Hockless,* 139 Tex. 536, 164 S.W.2d 19, 20 (1942). Also, if a party owns valuable property which she could dispose of and thereby secure the necessary funds without depriving herself or her family of the necessities of life, she should be required to pay the costs. *See Pinchback,* 164 S.W.2d at 19. Failing to use assets that could be used to provide funds for paying the record constitutes the opposite of a good faith effort. *See White v. Bayless,* 40 S.W.3d 574, 576 (Tex. App.—San Antonio 2001, pet denied) (per curiam).

At the contest hearing, appellant testified that she had been evicted from her apartment but did not provide the grounds for the eviction. Though currently representing herself, appellant was represented by three lawyers and paid for the records of two hearings during the course of the divorce proceeding.

Regarding her employment history, appellant testified that she is not currently employed and only has a high school degree. She did obtain a real estate license and, in March 2020, signed on with Ebby Halliday. Because Dallas County issued a stay-at-home order right before her job orientation was to begin, she never started the job. Regarding her subsequent attempts to find employment, she testified that she is only looking online for jobs and that she has not had any in-person interviews in over two years. She could not recall the name of any company she had applied to but stated she had a list of the names at home. She stated that the emotional toll of the case has affected her will and drive to seek employment.

Appellant did not offer any testimony regarding her debts or whether she had attempted to obtain a loan. Regarding asserts, appellant testified that she drives a 2016 Mercedes SUV. She has not considered selling it to get money to pay for the record because it is her means of transportation. She testified that she has over $500,000 in personal property inside the marital home that she has not been able to retrieve. At one point in the divorce proceeding, the parties entered into a rule 11 agreement to allow her to get the property but she did not want to enter without someone else there to list all the property retrieved. She says the property was not

addressed in the divorce decree. There is no indication that the property has been disposed of or is not still available for appellant to retrieve. At the hearing, she testified that if, she retrieved the property now, she would be unable to sell it in time to obtain money to pay for the record. The rules of appellate procedure, however, do allow for extensions of time to file the record. *See* TEX. R. APP. P. 35.3(c).

We conclude the evidence at the hearing supports the trial court's determination that appellant has not made a good-faith effort to obtain employment or to otherwise try to pay for the record. Thus, we cannot conclude the trial court abused its discretion. Accordingly, we affirm the trial court's order.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

220356F.P05

–4–